JUAN R. RODRÍGUEZ, Plaintiff and Appellee, v. BANCO POPULAR DE PUERTO RICO, ETC., Defendant and Appellant. LUIS M. VELA, Plaintiff and Appellee, v. SAME.

Nos. 8276 and 8277.   Argued January 27, 1941.—Decided January 31, 1941.

*Monserrat, De la Haba & Monserrat* and *Rafael Baragaño* for appellant.   *G. Benítez Gautier* and *Jorge Benítez Gautier* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

As these appeals involve the same question and were argued on the same day by the same counsel, they will be

considered in a single opinion which will form the basis of the final decisions to be rendered herein.

From the records it appears that Juan R. Rodríguez and Luis M. Vela brought, in the Municipal Court of San Juan, actions against the Banco Popular de Puerto Rico, in its capacity as liquidator of the Banco Territorial y Agrícola, to recover the sum of $500 in each case in satisfaction of certain homestead claims.

After the suits were prosecuted through all the proceedings, they were decided by judgments of May 4, 1940, sustaining the complaints. On the 15th of the same month, the defendant bank appealed from the judgments, and the attorneys of both parties certified the records on the 31st. Said certification was followed by demurrers filed by the defendant on June 8, 1940, and applications for setting dated August 20, 1940, and addressed to the clerk of the court, requesting the inclusion of the demurrers in the special calendar "for next week."

At this stage, on August 23, 1940, the plaintiffs-appellees moved the district court to dismiss the appeals for failure of the appellant to take any step to include the cases in the calendar pertaining to August 15, 1940, and after the question had been submitted to the court, the latter dismissed the appeals by judgments of September 19, 1940, from which the defendant bank took the present appeals to this court that are now sought to be dismissed as being frivolous. On the motions to dismiss said appeals both parties through their respective attorneys were heard by this court at its sitting of the 27th of this instant month of January.

The grounds for the judgment appealed from were identical in both cases, thus:

"The plaintiff has moved to dismiss this appeal from the Municipal Court of San Juan. It appears that the record was filed in this court on June 3, 1940, and that the defendant-appellant failed to request that the case be included in the first subsequent calendar, that is, the one pertaining to August 15, 1940. If further appears that

on June 8 the defendant-appellant filed a demurrer, and on August 20 it requested the inclusion of said demurrer in the special calendar.

"The law requires the dismissal of an appeal from a municipal court where the appellant fails to request the inclusion of the case in the calendar at the first call thereof following the filing of the case. It is the imperative duty of the court. in accordance with the statute, to dismiss the appeal where the appellant does not take the above-mentioned step. *Manrique* v. *District Court*, 48 P.R.R. 600. In the case at bar, the appellant failed to take it. It insists, however, that it was sufficient for this purpose to request the setting of the demurrer on the special calendar. If that request had been made prior to August 15, 1940 (the date on which the general calendar was called), the contention of the appellant might perhaps have some merit. But the request to include the demurrer in the special calendar was made after August 15, 1940, that is, after the imperative duty on the part of this court to dismiss the appeal had arisen and after the period which was available to the appellant to take the last essential step for the perfection of his appeal had expired. It was not necessary that the court should dispose of the demurrer filed by the appellant before any request were made to set the case for hearing, since the statute regulating the appeals of this kind provides that at the hearing of the case on appeal there may be considered, among other things, a demurrer.

"The steps taken by the appellant subsequent to the call of the calendar on August 15, show diligence, and if a discretionary matter were involved, the court would be inclined to allow the appeal to stand. However, as a mandatory provision is involved, according to the repeated jurisprudence of this jurisdiction, it is not possible to make any exception, and the court can not refuse to dismiss the appeal where, as in this case, the mandate of the statute can not be complied with. *Manrique* v. *District Court, supra.*

"For the reasons stated, the motion of the plaintiff is sustained, and hence, the appeal is dismissed, and the payment of costs is imposed on the defendant."

■ After an examination of the judgments appealed from in the light of the facts, of the law, and of the decisions, we find them to be well-founded. The frivolous character of the appeals is, therefore, manifest.

Subsequent to the decision in the case of *Manrique* v. *District Court*, 48 P.R.R. 600, on which the trial court based

its judgments, this Supreme Court held in the case of *Cobián* v. *Espina*, 50 P.R.R. 178, to quote from the summary, as follows:

"Where the record of a case appealed from the municipal court is filed in the district court, and the appellant fails to request the inclusion of the case at the first reading of the calendar or docket, the appeal must be dismissed."

"Since it is the duty of the district court to dismiss an appeal from a municipal court where, after the record has been filed, the appellant fails to request the inclusion of the case at the first reading of the calendar or docket, an appeal from a judgment dismissing such an appeal on that ground should be dismissed as frivolous."

And the same conclusions were reached in the case of *A. S. Aloe & Co.* v. *Talavera*, 56 P.R.R. 188.

■■ Recently, in *Alvarez* v. *District Court, ante,* p. 630, decided last November, an order of the district court refusing to dismiss an appeal from a municipal court was affirmed, as it was considered that there had been a sufficient compliance with the statute, the appellant having paid the proper calendar fees and request having been made, prior to the call of the calendar, for an earlier setting than the one which would have been made, if the case had been included in the calendar subsequent to the filing of the appeal; but here no such substantial compliance exists, and hence the cited decision is not applicable.

The appellant has not opposed in writing the motions for dismissal, but it did so verbally at the hearing of the same. Moreover, it had already filed its briefs which are identical in both cases. It maintains that, as the statute uses the term "subsequent" and not "following," the calendar in which the inclusion must be requested is not the one that follows immediately after the filing of the record in the district court, but the one next following. We can not agree.

The act says: ". . . The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the

case . . . ." Section 3, Act No. 31 of May 11, 1934 (p. 292). And "subsequent" pres. part. of *"sub sequi"* (Spanish, *subseguir*), means following in time, immediately following something else. *Diccionario Enciclopédico de la Lengua Castellana* by Elías Zerolo, Miguel de Toro, and Emiliano Isaza, Paris, 1895, p. 810. The calendar which was subsequent to the date of the filing of the cases in the district court—June 3, 1940—was the one that followed immediately —August 15, 1940—as held by the trial court, and not the one next following the first—September 2, 1940—as claimed by the appellant.

The motions must be denied and hence both appeals dismissed as frivolous.